Henry Epstein, J.
This is a motion for an order staying arbitration. The respondent herein was injured as the result of an accident which occurred on or about May 17, 1956. The accident involved two vehicles, one of which was operated by respondent and the other was owned by one David Smith and operated by Eleanor Johnson. At the time of the accident David Smith did not carry liability insurance but the operator did carry liability insurance.
Eleanor Johnson’s carrier disclaimed liability under her policy for failure to comply with the terms of the policy.
Respondent’s policy with Allstate contained a provision whereby the insured (Smith) if injured by an “ uninsured automobile ’ ’ could recover from his carrier all sums which the insured would be legally entitled to recover and if the parties could not agree as to the amount thereof then the amount shall be decided by arbitration.
The policy defines ‘ ‘ Uninsured Automobile ’ ’ as follows: “ an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance applicable at the time of the accident, or an automobile used without the permission of the owner thereof if there is no bodily injury liability insurance applicable at the time of the accident with respect to the operator thereof ’ ’.
*860 Clearly, the purpose of such an indorsement in a policy of insurance is intended to afford the assured an additional protection in the event an accident occurred involving someone without or of doubtful financial responsibility.
The policy of insurance carried by Johnson inured to the benefit of any person injured by Johnson during the period of operation of a motor vehicle and the language of the policy issued to respondent clearly excludes from its coverage injuries sustained with respect to the use of an automobile when there is liability insurance.
The motion is granted and arbitration is stayed. Whether the car in question is an uninsured automobile is not left to arbitration under the policy.