COMMONWEALTH FIRE AND
CASUALTY INSURANCE
COMPANY, Appellant,

v.

Janice Garland MANIS et al., Appellees.

FIRST NATIONAL INSURANCE COM-
PANY OF AMERICA and Safeco In-
surance Companies, Appellants,

v.

Janice Garland MANIS et al., Appellees.

Court of Appeals of Kentucky.

Jan. 7, 1977.

Rehearing Denied April 15, 1977.

William Donald Overbey, Overbey, Overbey & Overbey, Nat Ryan Hughes, Hughes & Gregory, Murray, for appellants.

M. Ronald Christopher, Hurt, Christopher & Jones, Murray, for appellees.

Before MARTIN, C. J., and VANCE and HOWARD, JJ.

VANCE, Judge.

This is a case of first impression as to several aspects of uninsured motor vehicle insurance coverage.

Janice Garland was injured in a one-vehicle automobile accident. She was a passenger in a vehicle operated by Kenneth Downey, age 16 years, and owned by Robbie Raspberry. Mrs. Raspberry was uninsured. Buel Downey, the father of Kenneth, had insurance with Safeco Insurance Companies which provides liability insurance for personal injuries and property damage as follows:

"*LIMITS OF LIABILITY*: The limit of bodily injury liability stated in the declarations as applicable to '*each person*' is the limit of the company's liability for all damages, *including damages for care and loss of services,* arising out of bodily injury sustained by one person as the result of any one occurrence; the limit of such liability stated in the declarations as applicable to '*each occurrence*' is, subject to the above provision respecting each person, the *total limit* of the company's liability for all such damages arising out of bodily injury sustained by two or more persons as the result of any one occurrence."

The policy was limited to $10,000.00 liability for each person.

The Safeco policy provided coverage to Kenneth Downey if he was operating Mrs. Raspberry's automobile with her permission or reasonably believed that he had her permission under the following policy provision:

"PERSONS INSURED: The following are insureds under the liability section:

'(b) with respect to a non-owned automobile;

(1) The named insured

(2) Any relative, but only with respect to a private passenger automobile or trailer provided, under (b)(1) or (2) above, his actual operation or (if he is not operating) the other actual use thereof is with the permission, or reasonably believed to be with the permission of, the owner and is within the scope of such permission."

On the day of the accident Mrs. Raspberry let her daughter use her automobile. The daughter consented to its use by Janice and she consented to its operation by Kenneth. On previous occasions Kenneth had operated the automobile with Mrs. Raspberry's permission.

Janice Garland brought an action for her injuries against Kenneth Downey, the operator of the automobile; Buel Downey, the father of Kenneth, and Robbie Raspberry, the owner of the vehicle. The claim against Buel Downey was based upon the fact that he had signed for the operator's license for his infant son, KRS 186.590.

The claim against Mrs. Raspberry was based upon the allegation that she permitted Kenneth to operate her automobile. KRS 186.590(3).

B. C. Garland and Melvie Garland, the parents of Janice, asserted a claim against the same three defendants for medical expenses and loss of services resulting from the injury to Janice.

Safeco provided representation at trial for the individual defendants.

The case was submitted under an instruction which allowed recovery against Mrs. Raspberry, the owner, if the jury believed that she had given sole possession and control of her automobile to her daughter and the daughter, in turn, had permitted Kenneth to operate the car.

The jury returned a verdict in favor of Janice Garland in the amount of $21,000.00 and in favor of her parents in the amount of $5,000.00 against all three defendants. The judgment entered pursuant to that verdict was not appealed.

The Garlands had a policy of insurance with Commonwealth Fire and Casualty Company which contained standard uninsured motor vehicle coverage.

A disagreement soon developed as to what extent, if any, each of the two insurance companies were liable on their policies and a declaratory judgment action was instituted to settle that question. Summary judgment was requested by each of the parties and was granted to appellees.

The judgment provided that Safeco was liable to Janice Garland in the sum of $11,000.00 and to B. C. and Melvie Garland in the amount of $5,000.00.

It further provided that Commonwealth Fire and Casualty Company was liable to Janice Garland in the amount of $11,000.00.

Both insurance companies have appealed.

There is agreement that the $11,000.00 judgment against Safeco represents a clerical error and should in fact have been $10,000.00. We will proceed as if the judgment were for $10,000.00.

Safeco contends that its policy does not provide coverage since the automobile was not owned by its insured and was being operated without the consent or permission of the owner.

█ No liability could have attached to the defendant, Robbie Raspberry, unless it was first established that Kenneth Downey operated the automobile with her permission. KRS 186.590(3). This issue was submitted to and determined by the jury in the original trial. Counsel for Safeco participated in that trial and Safeco is bound by that determination. *State Farm Mutual Automobile Ins. Co. v. Shelton,* Ky., 368 S.W.2d 734 (1963).

Safeco contends that it cannot be held to pay the $5,000.00 adjudged to the parents of Janice Garland because the $5,000.00 was for medical expenses and loss of services arising out of the injury to Janice. The policy language is plain that the limit of liability for bodily injury to one person is $10,000.00 and this sum shall include damages for care and loss of services.

█ Although the claim by the parents may constitute a separate cause of action— the policy limits recovery as a fixed sum for damages arising from bodily injury to any one person. The limits cannot be enlarged by the means of making one claim for bodily injury and another claim for medical expenses arising therefrom. *Smith v. Cassida,* 403 Pa. 404, 169 A.2d 539 (1967). See also 8 Appleman Insurance Law and Practice, Section 4891.

The judgment is erroneous insofar as it holds Safeco liable for the judgment rendered in favor of Mr. and Mrs. Garland.

█ Commonwealth Fire and Casualty Insurance Company, contends it has no liability under its uninsured motor vehicle coverage for the simple reason that the automobile operated by Kenneth Downey was an insured vehicle. We agree.

It is true the vehicle was not insured by its owner but the insurance coverage of the operator provided the minimum coverage required by KRS 304.20–020. We think the purpose of uninsured motor vehicle coverage is to make available to injured parties from their own insurer a stated minimum amount of insurance coverage when no other valid or collectible insurance exists with respect to the vehicle causing the damage. That situation does not obtain here.

This case is factually distinguishable from *Meridian Mutual Ins. Co. v. Siddons,* Ky., 451 S.W.2d 831 (1970), wherein a policy holder was permitted to "stack" or claim recovery under two different policies for injuries sustained in one accident.

We do not consider *Sellers v. U. S. Fidelity and Guaranty Co.,* Fla., 185 So.2d 689 or *Safeco Ins. Co. v. Jones,* 286 Ala. 606, 243 So.2d 736, applicable because each case involved judgments against the drivers of two different automobiles, one of which was insured and the other not. In each case a part of the damage was caused by the operation of an uninsured motor vehicle.

The conclusions we have reached make it unnecessary to determine the questions

raised by Commonwealth with respect to subrogation.

The judgment is affirmed in part and reversed in part. A new judgment shall be entered which:

(1) Allows recovery to Janice Garland Manis against First National Insurance Company of America and Safeco Insurance Company in the sum of $10,000.00 with interest at the rate of 6% per annum from July 6, 1971.

(2) Dismisses the claim of B. C. Garland and Melvie Garland against First National Insurance Company of America and Safeco Insurance Companies.

(3) Dismiss claims of J. G. Manis and B. C. and Melvie Garland against Commonwealth Fire and Casualty Insurance Company.

(4) Adjudges one-half of costs against First National and Safeco and the other one-half against B. C. Garland and Melvie Garland.

All concur.