378 A.2d 1386.

Mark D. Fielder *et al. vs.* Amica Mutual
Insurance Company.

NOVEMBER 2, 1977.

Present: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Joslin, J.   This civil action to recover under the uninsured motorists provisions of two automobile liability insurance policies issued by the defendant insurance company was heard on an agreed statement of facts by a Superior Court justice sitting without a jury. It is now here on the plaintiffs' appeal from a judgment denying liability .

It appears that plaintiffs, Mark D. Fielder, a minor, and his father, Douglas B. Fielder, were insured under two automobile liability insurance policies issued by defendant Amica Mutual Insurance Company to the father. Both policies contained uninsured motorists provisions and were in

force and effect when the minor plaintiff, while operating his motorcycle, was involved in a collision with a motor vehicle owned by Earl W. Clapprood and operated by Francis DiMeo, Jr. The proximate cause of that collision was the negligent operation of the Clapprood vehicle and as a result the minor plaintiff sustained serious bodily injuries and his father, substantial medical expenses. At the time of the collision Clapprood was not a named insured, and his vehicle was not a designated automobile under any automobile liability policy. The operator, DiMeo, however, was an insured under an automobile liability policy issued to his father by Pennsylvania General Insurance Company. This litigation was commenced when defendant denied liability under the uninsured motorists provisions of its policies.

Those provisions protect plaintiffs against loss resulting from the negligent operation of an uninsured vehicle and define such a vehicle as:

> "an automobile or trailer with respect to the ownership, maintenance *or use* of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile * * * ." (Emphasis added.)

Clearly under this definition an offending vehicle is uninsured if neither its operator nor its owner has automobile liability coverage at the time of the accident. The plaintiffs do not seriously contend otherwise. Instead, relying on the line of cases starting with *Allstate Ins. Co. v. Fusco*, 101 R.I. 350, 223 A.2d 447 (1966), they argue that because our statute[1] mandates that an automobile liability policy in-

---

[1] General Laws 1956 (1968 Reenactment) §27-7-2.1, as amended by P.L. 1970, ch. 275, §1, reads in part as follows:

clude uninsured motorists coverage, such a policy must define an uninsured motor vehicle in accordance with the meaning contemplated by the statute. That meaning as well as the underlying legislative intent, plaintiffs then argue, is that the status of the offending vehicle, not that of its operator, determines whether or not that vehicle is insured and that an uninsured motorists provision, notwithstanding language providing otherwise, must be so read.

We do not read the statute that way. Neither can we impute an intention to achieve that result to a Legislature which, as we said in *Aldcroft* v. *Fidelity & Gas Co.*, 106 R.I. 311, 318, 259 A.2d 408, 413 (1969), was concerned that a purchaser of an automobile liability policy be afforded an opportunity to purchase insurance covering himself for economic loss resulting from bodily injuries in those instances where both the owner and operator of the responsible vehicle are uninsured. In our judgment, the Legislature was not in the slightest concerned with whether the recovery comes from the owner's or the operator's insurer. Recovery from either will protect against the economic loss resulting from the injury sustained. Only when that protection is unavailable because neither the operator nor the owner has insurance can it reasonably be said that the Legislature intended that an injured party may resort to his own carrier under the uninsured motorists provision.

Courts that have considered the question before us have, almost without exception, similarly construed legislation

---

"Uninsured motorist coverage. — No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in §31-31-7 as amended, under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of *uninsured* motor vehicles, and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, provided that the named insured shall have the right to reject such coverage." (Emphasis added.)

and policy provisions not differing significantly from those we pass on this case. *See Gordon* v. *Phoenix Ins. Co.*, 242 So. 2d 485 (Fla. Dist. Ct. App. 1970); *Macaluso* v. *Watson*, 188 So. 2d 178 (La. App. 1966); *In re Allstate Ins. Co.*, 26 Misc. 2d 859, 207 N.Y.S.2d 645 (1960); *Motorists Mut. Ins. Co.* v. *Tomanski*, 27 Ohio St. 2d 222, 271 N.E.2d 924 (1971); *State Farm Mut. Auto. Ins. Co.* v. *Johnson*, 458 S.W.2d 473 (Tex. Civ. App. 1970); *United States Fidelity & Guar. Co.* v. *Byrum*, 206 Va. 815, 146 S.E.2d 246 (1966). *But see Allstate Ins. Co* v. *Chastain*, 251 So. 2d 354 (Fla. Dist. Ct. 1971).

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remanded to the Superior Court.

*William G. Gilroy*, for plaintiffs.

*Hanson, Curran & Parks, William A. Curran, David P. Whitman*, for defendant.