CITIZENS INSURANCE COMPANY OF AMERICA v POVEY

Docket No. 54659. Submitted January 7, 1982, at Grand Rapids.—
Decided March 18, 1982.

Lora J. Povey was injured while riding as a passenger in an automobile. The driver of the vehicle was insured but the owner was not. Povey was provided uninsured motorist group coverage by a policy issued to her father by Citizens Insurance Company of America. Povey recovered the policy amount from the insurance company which insured the driver and then sought uninsured motorist benefits from Citizens on the claim against the uninsured owner. Citizens filed a complaint for declaratory judgment as to the rights of the parties under the policy. The Kent Circuit Court, Roman J. Snow, J., granted summary judgment to plaintiff on the ground that there were no uninsured motorist benefits payable to the defendant as a result of the accident. Defendant appeals. *Held:*

1. The policy issued by plaintiff provided that uninsured motorist benefits would be payable if the insured party was injured by an uninsured vehicle. The vehicle in this case was not an uninsured vehicle under the terms of the policy because the policy stated that as long as the person legally responsible for the use of the vehicle, *i.e.,* the driver, was insured in the manner required by the policy the vehicle itself would be considered insured.

2. The reasonable expectations of the defendant policyholder were not defeated. She was paid the policy amount by the insurer of the driver of the automobile. There was no error in the trial court's grant of the motion for summary judgment.

Affirmed.

INSURANCE — UNINSURED MOTORISTS — INSURED DRIVER — UNIN-
SURED OWNER.

A trial court did not err in granting summary judgment in favor

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 323.

What constitutes an "uninsured" or "unknown" vehicle or motorist, within uninsured motorist coverage. 26 ALR3d 883.

Rights and liabilities under "uninsured motorists" coverage. 79 ALR2d 1252.

of a plaintiff insurer on the grounds that there were no uninsured motorist benefits payable to the defendant insured as a result of an accident involving an automobile in which the defendant was riding as a passenger where the defendant received the policy limit amount from the insurer of the driver of the automobile; the fact that the owner of the automobile was uninsured did not bring the vehicle within the definition of an uninsured highway vehicle as defined in the policy issued by the plaintiff insurer.

*Baxter & Hammond* (by *William M. Bremer),* for plaintiff.

*Dunnings & Canady, P.C.,* for defendant.

Before: R. B. Burns, P.J., and D. F. Walsh and MacKenzie, JJ.

Per Curiam. Defendant-appellant, Lora J. Povey, was injured while riding as a passenger in an automobile. The driver of the automobile was insured; the owner of the automobile was not. Plaintiff, Citizens Insurance Company, had issued an insurance policy to Lora Povey's father which provided Lora Povey with uninsured motorist coverage. Lora Povey recovered the amount of the policy limit from the insurance company insuring the driver of the automobile in which she was injured. She then sought uninsured motorist benefits from the plaintiff on the claim against the uninsured owner of the automobile.

Plaintiff filed a complaint for declaratory judgment as to the rights of the parties under the policy. The trial court granted summary judgment to the plaintiff on the grounds that there were no uninsured motorist benefits payable to the defendant as a result of this accident. We find no error in this ruling and affirm.

The relevant sections of the insurance policy

issued by the plaintiff provide in pertinent part as follows:

"The Company will pay all sums which the Assured, or his legal representative, shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle, because of
                COVERAGE F—Bodily Injury, or
                COVERAGE G—Property Damage
sustained by the Assured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle;

*   *   *

" 'uninsured highway vehicle' means:

"(a) A highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured highway vehicle is principally garaged, no bodily injury and property damage liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a liability bond or insurance policy applicable at the time of the accident but the company writing such insurance is or becomes insolvent; or * * *."

Defendant argues that since one of the tortfeasors, here the owner of the automobile, was uninsured there should be coverage under the uninsured motorist provisions of the policy with respect to defendant's claim against that tortfeasor. In so arguing, however, she misreads the clear wording of the policy. The policy provides that the uninsured benefits are payable if the *vehicle* is uninsured, not if one of the tortfeasors is uninsured. The vehicle, however, is not an "uninsured highway vehicle", as that term is defined in the contract, if *any* person legally responsible for the use

of the vehicle is insured in the manner required by the contract even if another person who is also legally responsible for the use of the vehicle is not insured. In other words, even if the owner of the vehicle had no insurance herself at the time of the accident, she was nevertheless the owner of an "insured highway vehicle" when the vehicle was being used or operated by an insured driver.

Nor do we find any merit in defendant's assertion that denying her the right to recover uninsured motorist benefits on her claim against the uninsured owner would "defeat the reasonable expectations of the insured and permit the insurer to escape payment rendering the coverage illusory". From the definition of an "uninsured highway vehicle" in the policy it is clear that the purpose of the coverage is to provide the insured with benefits at least equal in amount to the amounts of insurance specified in the financial responsibility law. If the vehicle is insured in that amount, it is not an uninsured vehicle. No uninsured motorist benefits would be payable for injuries sustained in an accident making the owner or operator of such a vehicle liable to the insured. The expectation of the policyholder, therefore, is only that she will receive benefits at least equal to those specified in the financial responsibility law and not that she will always be compensated fully for whatever injuries she may sustain in an accident.

In this case the reasonable expectations of the defendant policyholder were not defeated. She was paid the policy limit amount by the insurer of the driver of the automobile. We find no error in the trial court's grant of the motion for summary judgment.

Affirmed. Costs to appellee.