**David J. VADNAIS, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent,**

**Illinois Farmers Insurance Company, Respondent,**

**Home Mutual Insurance Company, Respondent.**

**No. C3–84–468.**

Court of Appeals of Minnesota.

Sept. 18, 1984.

W.E. Jepsen, Jergens, Hebert, Jepsen & Doyscher, P.A., Stillwater, for appellant.

Robert W. Plunkett, Jr., Stringer, Courtney & Rohleder, St. Paul, for respondent State Farm Mut. Auto. Ins. Co.

Carol A. Hooten, Jardine, Logan & O'Brien, St. Paul, for respondent Ill. Farmers Ins. Co.

Gary W. Goldsmith, Roehrdanz, Goldsmith & Malone, Minneapolis, for respondent Home Mut. Ins. Co.

Heard, considered, and decided by SEDGWICK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Plaintiff brought this action seeking a declaration of his rights to uninsured motorist coverage from insurance policies under which he was an insured. Cross motions for summary judgment were submitted to the court on stipulated facts.

The court entered summary judgment for the insurers, and the plaintiff appealed. We affirm.

## FACTS

The facts were stipulated. David Vadnais, the plaintiff, was a passenger in a vehicle owned by Roy Wehking when it was struck by a vehicle owned by Clare McEvoy and driven by George Holloway. McEvoy did not have any liability insurance coverage, but Holloway owned a policy of insurance issued by American Family Insurance to cover a vehicle he owned. That policy provided liability coverage of $25,000.00 for any vehicle Holloway operated, and it paid the plaintiff $25,000.00. American Family does not provide any coverage to McEvoy individually under Holloway's policy, nor was McEvoy's vehicle the named vehicle in Holloway's policy or in any other policy. Vadnais was not fully compensated for his injuries by the payment of the $25,000.00.

## ISSUE

Is the McEvoy vehicle an uninsured motor vehicle for purposes of Minn.Stat. § 65B.49, subd. 4(3) (1982) even though plaintiff received the liability limits of operator Holloway's insurance policy?

## ANALYSIS

The uninsured motorist provision of the no-fault law provides that insurance policies must contain uninsured motorist coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles...." Minn. Stat. § 65B.49, subd. 4(1) (1982). An uninsured motor vehicle is defined as "any motor vehicle ... for which a plan of reparation security ... is not in effect." Minn. Stat. § 65B.49, subd. 4(3). Plaintiff argues that, once he has shown he is legally entitled to recover damages from the owner or operator of a vehicle, all he need show to recover uninsured motorist benefits is that the vehicle which caused the injury is not a named vehicle in any plan of reparation security.

The statute, however, defines an uninsured vehicle as one for which a plan of reparation security "is not *in effect*." Minn.Stat. § 65B.49, subd. 4(3) (emphasis added). The insurers argue that the McEvoy vehicle was not an uninsured vehicle, since operator Holloway's insurance policy was "in effect" for the vehicle while the operator was driving it. If the policy paid benefits for an injury arising out of the operation of the vehicle, the insurers argue, then that policy was certainly "in effect" for that vehicle at the time of the accident, and the injured party is thus precluded from recovering under the uninsured motorist provisions of his own policies.

The Minnesota Supreme Court has not ruled on this question, nor have we. Other courts, in states with similar statutes and working with similar definitions of "uninsured motor vehicle", have, however, ruled on the question. The majority of these has found that as long as there is some insurance available to cover the vehicle at the time of the accident, the vehicle is not uninsured, regardless of whether the insurance is the owner's or the operator's policy. *See, e.g. Griffith v. Farm and City Ins. Co.,* 324 N.W.2d 327 (Ia.1982); *Fielder v. AMICA Mutual Insurance Co.,* 119 R.I. 416, 378 A.2d 1386 (1977); *Commonwealth Fire & Casualty Ins. Co. v. Manis,* 549 S.W.2d 303 (Ky.App.1977); *United States Fidelity and Guaranty Co. v. Byrum,* 206 Va. 815, 146 S.E.2d 246 (1966); and *Mathis v. Stacy,* 606 S.W.2d 290 (Tenn.App.1980). Two courts have taken the opposite view. Those courts have ruled that a vehicle for which the owner has no insurance is an uninsured vehicle regardless of whether another policy provided coverage, on the ground that "[t]he legislative intent was to allow the insured to recover damages which the insured would have recovered had the liable party or parties been covered by insurance so long as there is no double recovery." *Finney v. Farmer's Ins. Co.,* 21 Wash.App. 601, 586 P.2d 519, 526 (1978); *see also Allstate Insurance Co. v. Chas-*

*tain,* 251 So.2d 354 (Fla.D.C.App.1971). The Minnesota Supreme Court has used language similar to that quoted from *Finney* in a different context, indicating Minnesota also has a policy of encouraging full recovery where possible. *See Brunmeier v. Farmers Ins. Exchange,* 296 Minn. 328, 331–32, 208 N.W.2d 860, 862 (1973) (uninsured motorist benefits could not be reduced by workers' comp benefits paid to injured party).

■■■ While the *Finney* court's argument in favor of coverage is sound and based on public policy, we are bound by the rule that courts cannot amend statutes under the guise of construction. *See Wallace v. Commissioner of Taxation,* 289 Minn. 220, 184 N.W.2d 588 (1971). The policy of encouraging full recovery may not be furthered in disregard of the actual terms of the statute. *DiLuzio v. Home Mutual Ins. Co.,* 289 N.W.2d 749, 751 (Minn.1980). We are governed by the language the legislature chose to define "uninsured motor vehicle;" "a motor vehicle ... for which a plan of reparation security ... is not in effect," *not* "a motor vehicle which is not a named vehicle in a plan of reparation security." Thus, as long as there was liability insurance "in effect" at the time of the accident, the vehicle which injured plaintiff was not uninsured, regardless of whether the insurance was procured by the vehicle's owner or its operator, and plaintiff may not recover under the uninsured motorist provisions of his own policies.

### DECISION

The vehicle which injured the plaintiff was not "uninsured" since its operator carried liability insurance.

Affirmed.