Doris E. SORBO, as Trustee for Next of Kin of Aldean M. Sorbo, Deceased, Respondent,

v.

Jane MENDIOLA, et al., Defendants,

State Farm Mutual Automobile Insurance Co., Appellant.

No. C0-83-773.

Supreme Court of Minnesota.

Feb. 8, 1985.

---

Charles Zierke, Gregory Kuderer, Fairmont, for appellant.

Nels W. Truelson, Minneapolis, for respondent.

SCOTT, Justice.

This is an appeal from a judgment of the Faribault County District Court holding State Farm Mutual Automobile Insurance Company (State Farm) liable for uninsured motorist coverage under its policy.

On July 4, 1978, State Farm's insured, Aldean Sorbo, a police officer, was directing traffic in Bricelyn, Minnesota. The evening's fireworks had ended and the traffic was heavy. Aldean Sorbo was struck by a vehicle owned by either Maria Luz Mendiola or her daughter, Jane Mendiola, and driven by Cheryl Weitzel. Sorbo died as a result of injuries sustained in the accident. Neither of the Mendiolas had insurance covering liability arising out of the ownership, maintenance or use of the automobile. Cheryl Weitzel, the driver, was insured under a policy issued to her mother by Tri-State Insurance Company on Mrs. Weitzel's automobile. The liability limits for this policy were in conformance with those required under Minnesota's financial responsibility laws. Respondent Doris Sorbo settled with Tri-State, releasing Cheryl Weitzel, her mother, Betty Weitzel, and Tri-State from any and all claims resulting from the accident in consideration of $63,408.89. The settlement was executed under a *Pierringer* release. Respondent reserved her right to proceed against all others who might have tort, contractual, or statutory liability in connection with the accident.

Aldean Sorbo had an insurance policy with State Farm which contained uninsured motor vehicle coverage. After settling with Tri-State, respondent brought a claim against State Farm for uninsured motorist benefits under the policy. State Farm moved for summary judgment on the ground that it was not liable for insurance coverage on the accident and, further, requested an order that the issue of damages should be submitted to arbitration. State Farm contended that it was not liable on the policy for two reasons: (1) that the Mendiola vehicle was not uninsured under either the State Farm policy or Minnesota law because there was insurance covering the accident, and (2) that respondent is precluded from recovering uninsured motorist benefits from State Farm in any case because she destroyed State Farm's potential subrogation rights by settling with and releasing Tri-State. The trial court denied the motion and submitted only the issue of damages to the jury. Liability was never argued, tried, or decided. The jury returned a verdict of damages in the amount of $47,000 against the Mendiolas, and judgment was entered.

The issue that must be determined is whether the vehicle involved was uninsured.

The uninsured provisions of State Farm's policy provide that it will pay all sums "caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle."[1] Under the State Farm policy, uninsured motor vehicle is defined as follows:

> (1) A land motor vehicle with respect to the ownership, maintenance or use of which there is in at least the amounts specified by the financial responsibility law of the state in which the described motor vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any *person* or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies that there is any coverage thereunder or is or becomes insolvent;
> * * *.

(Emphasis in original.)

State Farm argues that if there is insurance covering the *use* of the vehicle it is not uninsured under the policy language defining an uninsured vehicle with respect to the ownership, maintenance, or *use* of which there is no insurance applicable at the time of the accident. Since in this case the operator of the vehicle had insurance which covered the accident, the Mendiola vehicle was one "with respect to * * * [the] use of which" there was insurance in the amount required by the financial responsibility laws.

Under Minnesota law, coverage must be provided "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of injury." Minn.Stat. § 65B.49, subd. 4(1) (1984). An uninsured motor vehicle is defined as "any motor vehicle * * * for which a plan of reparation security * * * is not in effect." Minn.Stat. § 65B.49, subd. 4(3) (1984).

State Farm contends further that the Mendiola vehicle was not an uninsured vehicle under state law either, since operator Weitzel's insurance policy was "in effect" for the vehicle while Weitzel was driving it. Since the policy paid benefits under the settlement for an injury arising out of the operation of the vehicle, State Farm argues that the policy was "in effect" for that vehicle at the time of the accident, and that the injured party is precluded from recovering under the uninsured motorist provisions of his own policies. Reading Minn. Stat. §§ 65B.49, subd. 4, subsections (1) and (3) together indicates that the law is intended to ensure that persons injured by uninsured vehicles recover the amount they would have received if the vehicle had been insured up to the minimum reparation security limits required by law. That purpose is satisfied in cases such as this, where the operator of the vehicle is insured in the required amounts.

This interpretation is consistent with the majority of jurisdictions that have ruled on the issue. Most courts have found that as long as there is some insurance available to cover the vehicle at the time of the accident, the vehicle is not uninsured regardless of whether the insurance is the owner's or operator's policy. *See Stordahl v. Government Employees Insurance Co.,* 564 P.2d 63 (Alaska 1977); *Gordon v. Phoenix Insurance Co.,* 242 So.2d 485 (Fla. Dist.Ct.App.1970); *Commonwealth Fire & Casualty Insurance Co. v. Manis,* 549 S.W.2d 303 (Ky.Ct.App.1977); *see also Citizens Insurance Company of America v. Povey,* 114 Mich.App. 395, 319 N.W.2d 341 (1982). In *Fielder v. Amica Mutual Insurance Co.,* 119 R.I. 416, 378 A.2d 1386

---

1. The State Farm policy provides:
   COVERAGE U—DAMAGES FOR BODILY INJURY CAUSED BY UNINSURED MOTOR VEHICLES
   To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an *uninsured motor vehicle* because of *bodily injury* sustained by the *insured,* caused by accident and arising out the ownership, maintenance or use of such *uninsured motor vehicle* * * *.
   (Emphasis in original.)

(1977), the policy language was identical to the language in this case and the statute requiring uninsured motor vehicle coverage was similar to Minnesota's statute. The plaintiff was injured by a vehicle owned by an uninsured motorist and operated by an insured driver. After recovering against the driver, the plaintiff sought uninsured motorist benefits from his own company. The court denied recovery, holding that it was unavailable under both the policy and the statute. Referring to the policy, the court stated: "Clearly under this definition an offending vehicle is uninsured if neither its operator nor its owner has automobile liability coverage at the time of the accident." *Id.* at 417, 378 A.2d at 1387. As to the statute, the court found that its purpose was satisfied if one of the parties was insured: "Recovery from either [the owner or the driver] will protect against the economic loss resulting from the injury sustained." *Id.* at 418, 378 A.2d at 1387.

Other courts have reached the opposite result. *See Finney v. Farmer's Insurance Co.*, 21 Wash.App. 601, 586 P.2d 519 (1978) *aff'd* 92 Wash.2d 748, 600 P.2d 1272 (1979); *see also Allstate Insurance Co. v. Chastain*, 251 So.2d 354 (Fla.Dist.Ct.App.1971). Nevertheless, we feel the better reasoned rule, given the wording of the Minnesota statute, is that uninsured motorist liability provisions are not applicable in this case.[2] Since we decide that there is no coverage under the State Farm policy and reverse the trial court, we need not reach the other issues presented.

Reversed.

---

**2.** *See Vadnais v. State Farm Mutual Automobile Insurance Co.*, 354 N.W.2d 607 (Minn.App.1984), wherein the court of appeals stated:

[A]s long as there was liability insurance "in effect" at the time of the accident, the vehicle which injured plaintiff was not uninsured, regardless of whether the insurance was procured by the vehicle's owner or its operator, and plaintiff may not recover under the uninsured motorist provisions of his own policies. *Id.* at 609.