No. 86-03

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff and Respondent,

    -vs-

GRAHAM STUART TAYLOR, DAVID ALLEN
CALLAWAY, SUSAN JOHANNA HANSON,
Personal Representative of the Estate
of SCOTT ERLAND HANSON, Deceased and
TIMOTHY E. MOSS,

        Defendants and Appellants.

    and

STATE FARM FIRE AND CASUALTY COMPANY,

    -vs-

SUSAN JOHANNA HANSON, Personal Representative
of the Estate of SCOTT ERLAND HANSON, Deceased,
and TIMOTHY E. MOSS,

        Defendants and Appellants.

APPEAL FROM: District Court of the Eighteenth Judicial District,
            In and for the County of Gallatin,
            The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Poore, Roth & Robinson; C. Richard Anderson and Robert
        Poore both argued, Butte, Montana

    For Respondent:

        Morrow, Sedivy & Bennett; Terry Schaplow argued,
        Bozeman, Montana

                Submitted: July 30, 1986

                Decided: September 12, 1986

Filed: SEP 12 1986

_____
           Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Appellants were involved in an automobile accident. The District Court for the Eighteenth Judicial District granted the motion of State Farm Fire and Casualty Company (State Farm) for summary judgment. It held that State Farm insurance policies held by Mr. Taylor and Mr. Hanson did not provide uninsured motor vehicle coverage for this accident. We reverse.

The issues are:

1. Did the State Farm policies provide uninsured motor vehicle coverage under the circumstances of this case?

2. Is State Farm absolved of liability because the insured violated the "no consent to settlement" exclusion of the insurance policies?

Mr. Hanson and Mr. Taylor were insured under State Farm automobile liability insurance policies. Mr. Taylor was driving a vehicle in which Mr. Hanson and Mr. Callaway were passengers. Their vehicle was rearended at a high rate of speed by Mr. Moss, who was driving a truck owned by yet another person. As a result of the accident, Mr. Hanson died and Mr. Callaway and Mr. Taylor were severely injured. Mr. Callaway, Mr. Taylor, and Mr. Hanson's family sued Mr. Moss, and judgments were rendered. The vehicle Mr. Moss was driving was uninsured, but he personally had liability insurance. The victims settled with Mr. Moss' insurer, which paid to his policy limit, but the judgments remain partially unsatisfied.

In this action, State Farm obtained a judgment that it was not required to apply Mr. Taylor's and Mr. Hanson's uninsured motor vehicle coverage to the unsatisfied portions of the judgments. The District Court held that the State

2

Farm uninsured motor vehicle coverage did not apply where the offending vehicle was uninsured but its driver had insurance.

I

Did the State Farm policies provide uninsured motor vehicle coverage under the circumstances of this case?

Uninsured motor vehicle insurance coverage must be offered by insurers in Montana under § 33-23-201, MCA:

> No automobile liability . . . policy . . . for bodily injury . . . arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered . . . in this state, with respect to any motor vehicle registered . . . in this state, unless coverage is provided [in limits of $25,000 per person as set forth in § 61-6-103, MCA,] for the protection of persons insured . . . who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . .

There is no statutory definition of uninsured motor vehicle. Montana also requires by statute that vehicles registered and operated in the state have liability insurance coverage. Section 61-6-301, MCA.

The State Farm policy provision at issue is:

> Sec. III - Uninsured Motor Vehicle - Coverage U. We will pay damages for <u>bodily injury</u> an <u>insured</u> is legally entitled to collect from the owner or driver of an <u>uninsured motor vehicle</u>. The <u>bodily injury</u> must be caused by accident arising out of the operation, maintenance or use of an <u>uninsured motor vehicle</u>.

> <u>Uninsured Motor Vehicle</u>--means:
>     1. a land motor vehicle, the ownership, maintenance or use of which is:
>
>         a. not insured or bonded for bodily injury liability at the time of the accident . . .

State Farm argues that the plain meaning of the policy is that when the use of an offending motor vehicle is insured (as was Mr. Moss' use of the offending vehicle), the uninsured motorist coverage does not apply. State Farm has cited a number of cases in which it has been held that a vehicle is

3

not an uninsured motor vehicle for purposes of insurance coverage if either the driver or the owner has insurance. See, e.g. Sorbo v. Mendiola (Minn. 1985), 361 N.W.2d 851; Stordahl v. Government Emp. Ins. Co. (Alaska 1977), 564 P.2d 63; Citizens Ins. Co. of America v. Povey (Mich. App. 1982), 319 N.W.2d 341. In none of these cases was the policy provision the same as the provision in this case. Since we conclude the language of this policy is critical, the cases cited by State Farm are not decisive.

The appellants contend that under the policy, a motor vehicle is uninsured if the ownership, maintenance or use is not insured for bodily injury. In this instance, the ownership was not insured. As a result there is a reasonable contention that under the express provision of the policy, because the ownership was not insured for bodily injury, this is an uninsured motor vehicle. The first sentence of the provision says that State Farm will pay damages an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. If this is an uninsured motor vehicle because of the absence of insurance covering ownership, then the first sentence requires State Farm to pay its uninsured coverage because the driver of the uninsured motor vehicle caused the damages.

The Washington courts have examined an insurance policy provision comparable to this one. That policy defined an uninsured motor vehicle as one "with respect to the ownership, maintenance or use of which there is . . . no bodily injury insurance . . ." Finney v. Farmers Ins. Co. (Wash. App. 1978), 586 P.2d 519, aff'd, 600 P.2d 1272. The court held that the policy was ambiguous and the provision was subject to more than one interpretation because of the use of

4

the disjunctive "or," and that the clause could be interpreted to mean that a "vehicle is uninsured if there is no insurance as to either its ownership _or_ its maintenance _or_ its use." Finney, 586 P.2d at 526. We agree with that rationale.

> An ambiguous provision in an insurance policy is construed against the insurance company. A clause in an insurance policy is ambiguous when different persons looking at it in the light of its purpose cannot agree upon its meaning. [citation omitted.] If the language is unambiguous, and subject to only one meaning, there is no basis for the interpretation of policy coverage under the guise of ambiguity.

Bauer Ranch v. Mountain W. Farm Bur. Mut. Ins. (Mont. 1985), 695 P.2d 1307, 1309, 42 St.Rep. 255, 257. This policy does not clearly state whether it provides uninsured motor vehicle coverage when the driver is insured but the ownership of the vehicle is not. We conclude that the policy is ambiguous. We therefore interpret the policy to provide coverage. We hold that the State Farm policies provided uninsured motor vehicle coverage under the circumstances of this case.

II

Is State Farm absolved of liability because the insured violated the "no consent to settlement" exclusion of the insurance policies?

State Farm argues that even if this Court concludes the insurance policies provided coverage under the uninsured motor vehicle provisions, there is no insurance coverage because the appellants settled with Mr. Moss' insurance company without State Farm's consent. State Farm cites the policy provision that:

> THERE IS NO COVERAGE:
> 1. FOR ANY INSURED WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY PERSON OR ORGANIZATION WHO MAY BE LIABLE FOR THE BODILY INJURY.

5

This Court has held that an insurance policy clause which prohibited the insured from obtaining a judgment against liable parties is void. In Dominici v. State Farm Mutual Automobile Ins. Co. (1964), 143 Mont. 406, 408 and 411-12, 390 P.2d 806, 807 and 809, this Court stated:

> The insurance contract further contained an exclusion whereby the above-mentioned coverage would not apply "(a) to bodily injury to an insured . . . with respect to which such insured, his legal representative or any person entitled to payment under this coverage [if he or they] shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor; . . ." (Emphasis supplied.)
>
> . . .
>
> The problem to be resolved here is what effect, if any, did the judgments taken by each plaintiff have upon the rights and obligations of the insured and insurer in light of the "no judgment" clause of the insurance contract? State Farm contends that no action can now lie against them because there has not been full compliance with the terms of the policy. Plaintiffs rely upon the prohibition contained in R.C.M. 1947, § 13-806. This statute states:
>
> "Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract, by the usual proceedings in the ordinary tribunals . . . is void."
>
> It is plaintiffs' position that State Farm agreed to pay all sums plaintiffs were legally entitled to recover (up to and including the limits of the policy coverage) from an uninsured motorist; and, the "no judgment" clause would restrict plaintiffs from enforcing these rights. Therefore, this clause in the policy would be void under section 13-806.
>
> We hold with the contentions of plaintiffs. . . .

State Farm argues that the no-consent-to-settlement clause does not restrict insureds' access to the courts and thus does not violate the Dominici rule. Instead, State Farm argues, it protects the insurer's right of subrogation. It is technically correct that the holding in Dominici was that

6

the 'no judgment' provision unlawfully restricted the plaintiff's access to the courts. A 'no settlement' clause does not directly limit access to the courts. However, the rationale in Dominici was that the 'no judgment' clause would restrict the insureds from enforcing their rights under the insurance contract.

"This Court does not support provisions placed on uninsured motorist coverage which restrict or thwart available liability coverage that the insured would be entitled to in an accident." Guiberson v. Hartford Cas. Ins. Co. (Mont. 1985), 704 P.2d 68, 74, 42 St.Rep. 1196, 1203. In Guiberson, this Court nullified an insurance policy provision which would have denied uninsured motor vehicle coverage where the uninsured driver did not have the insured's consent to operate the vehicle. We conclude that enforcement of the no-consent-to-settlement clause here would result in a backing away from the mandatory offering requirement of the uninsured motor vehicle statute. It would also place control of efforts to collect from the responsible party in the hands of the insurer.

The central purpose of the clause is to provide uninsured motor vehicle coverage for which the insured has paid a premium. The insurance company is obligated to furnish uninsured motor vehicle coverage, whether it can obtain subrogation or not. While we do not deny the insurer's right to subrogation, we will not allow the right to subrogation to negate the required offering of uninsured motor vehicle coverage. Under these circumstances, we conclude that the no-consent-to-settlement clause is void.

7

We therefore reverse the decision of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____



_____



_____
Justices

8

Mr. Justice John C. Sheehy, specially concurring:

I concur in the foregoing opinion and wish to add other reasons for my concurrence in the result.

There are two types of uninsured motor vehicle statutes. One type is called the mandatory insured motorist statute, wherein it is required that every motor vehicle policy of insurance includes such coverage. Seventeen states have this type of coverage. The other type of uninsured motorist coverage is the "mandatory offerings statutes" of which Montana's statute is typical. According to 1 Widiss, Uninsured and Underinsured Motorist Insurance § 2.5 (2d ed. 1985), there are thirty-three states which mandate that uninsured motorist coverage be offered in every policy of liability insurance in the state.

The second thing to note is that there is a significant difference between most of the statutes requiring uninsured motorist coverage and the statute that is provided in Montana. Most of the statutes of the other states refer to the "uninsured motorist" but Montana's statute refers to the uninsured motor vehicle. The pertinent language in § 33-23-201, MCA is:

> No automobile liability . . . policy shall be delivered or issued for delivery in this state . . . unless coverage is provided therein or supplemental thereto . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. (Emphasis supplied.)

The term "uninsured motor vehicles" is unqualified in the statute, is unambiguous, and needs no interpretation. It is a matter of public policy that such coverage be mandatorily offered and if the coverage offered is less than

what is mandated by our statute, the public policy requirement has not been met. Section 33-23-201, MCA.

An example of a different kind of uninsured motorist statute can be found in Kansas. There, the provisions of Kan. Stat. Ann. § 40-284(a) (Supp. 1985) state:

> No automobile liability insurance policy . . . shall be delivered or issued for delivery in this state . . . unless the policy contains or has endorsed thereon, a provision . . . for payment of part or all sums which the insured or the insured's legal representative shall be legally entitled to recover as damages from the uninsured <u>owner or operator</u> of the motor vehicle because of bodily injury, sickness or disease, including death, resulting therefrom, sustained by the insured, caused by accident and arising out of ownership, maintenance or use of such motor vehicle . . . (Emphasis supplied.)

It requires no great intellectual skill to determine that the Kansas statute is directed to the status of the driver or operator as uninsured, whereas the Montana statute is directed to the status of the uninsured motor vehicle. The difference is critical in this case, because although the <u>use</u> of the uninsured motor vehicle in this case was insured by the driver's separate insurance policy, and thus would qualify under the Kansas statute, the Montana statute has no reference to ownership, maintenance or use and such terms cannot be used to diminish the mandated offered coverage that Montana requires under § 33-23-201, MCA.

As to the application of the statute therefore, I would hold in this case that under a Montana statute, if the motor vehicle itself is uninsured, then the uninsured motor vehicle coverage of the other vehicles attaches and coverage is extended to its insureds under the uninsured motor vehicle coverage.

There are other results commanded by our decision here which are not discussed for the reason that they have not yet

been before the Court. For reasons that should appear clear to counsel on remand, it seems to me that the medical payments coverage should be reduced by the amount recovered under the liability insurance policy that was issued to the driver to the extent that such reduction does not reduce the recovery from State Farm below the sum of $55,000. In other words, the $100,000 received from the insurance on the driver would be used to reduce the medical payments coverage in this State Farm policy.

John C. Sheehy
Justice

Mr. Justice L. C. Gulbrandson, dissenting.

I respectfully dissent.

The majority cite only a Washington Supreme Court opinion wherein a comparable insurance policy provision was held to be ambiguous. Finney v. Farmers Ins. Co. (Wash. 1979), 600 P.2d 1272.

The majority agreed with the rationale expressed therein, and I perhaps would do the same if this case were to be decided under Washington law. The author of Finney clearly indicated that that opinion does not cover the factual situation before this Court:

> . . . nor are we confronted with a factual situation in which the only responsible party was insured under a policy which extended coverage for the accident in question. Here there are two responsible parties, one of which was uninsured, the other underinsured. The use of the word "or" is disjunctive. 1A C. Sands, Sutherland Statutory Construction § 21.14 (4th ed. 1972). Childers v. Childers, 89 Wash.2d 592, 575 P.2d 201 (1978). We are persuaded that the legislature intended to provide uninsured motorist protection where either one of the responsible parties lacks insurance coverage. (Emphasis added.)
>
> . . .
>
> Under Washington law, where the ownership of an automobile is admitted and the owner is a passenger, there arises a presumption that, at the time of the accident, the driver was operating the vehicle as the agent or servant of the owner. (Citing cases.) The owner is vicariously liable for the driver's negligence. Moffitt v. Krueger, supra; Coins v. Washington Motor Coach Co., 34 Wash.2d 1, 208 P.2d 143 (1949).

Finney, 600 P.2d at 1275-1276.

Finney cited Allstate Ins. Co. v. Chastain (Fla. 1971), 251 So.2d 354, as authority for its position, but correctly

12

stated that in that case the uninsured owner was liable under Florida's dangerous instrumentality doctrine.

In this case, there is no suggestion that the uninsured owner was a responsible party and I therefore consider the Finney citation to be inadequate authority.

The trial judge, in granting summary judgment for the respondent, relied upon the rationale expressed in Sorbo v. Mendiola (Minn. 1985), 361 N.W.2d 851, and stated:

> I frankly have been tempted by the plight of the defendants to hold that the policies in question are ambiguous, thereby granting the benefit of the doubt to the defendants. But I find it is sufficiently clear that the liable person, the driver Moss, has insurance and the defendants were not struck by an uninsured motorist.

In my view, the policy definition of "uninsured motor vehicle" as a land motor vehicle, the use of which is not insured, is not ambiguous and I would affirm the order of the trial judge.

W. C. Gulbrandson
Justice

13