**Patricia K. O'CONNELL, as Trustee for the heirs of Patrick D. O'Connell, Appellant,**

v.

**AUTO–OWNERS INSURANCE COMPANY, Respondent.**

**No. C3–88–415.**

Court of Appeals of Minnesota.

June 28, 1988.

Review Denied Sept. 16, 1988.

Donald G. Clapp, St. Paul, for appellant.

Terrance W. Votel, St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and SCHUMACHER and MULALLY,* JJ.

### OPINION

SCHUMACHER, Judge.

Patricia K. O'Connell appeals as trustee for the heirs of Patrick D. O'Connell from the judgment in favor of respondent, Auto Owners Insurance Company.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

On December 22, 1977, Sky–Hi Sanitation, Inc. ["Sky–Hi"] owned and operated a garbage packer truck. Due to mechanical problems, the garbage truck was left unlocked in the parking lot of Tartan High School in Oakdale, Minnesota. A spare ignition key was left under the ashtray in the cab of the truck.

That evening, two minors started the truck and drove it around the neighborhood for no definable purpose. Because of the mechanical problems, the truck was abandoned in the traveled portion of a roadway on a county road in Washington County. The two minors thereupon left the scene. Later that same evening, Patrick O'Connell collided with the truck while driving his vehicle. O'Connell died from the collision and his heirs brought suit.

On April 6, 1978, the trustee brought an action against respondent seeking a declaration by the court that there was coverage under the uninsured motor vehicle provisions of the policy insuring the vehicle driven by Patrick O'Connell and seeking to compel Auto–Owners to arbitrate the claim. The motion to arbitrate was originally granted because the driver of the garbage truck was not ascertainable and therefore the hit and run provision of the policy was applicable. Later, respondent identified the persons responsible for driving the garbage truck, and based on this evidence made a motion for a new trial. On January 11, 1979, the trial court vacated its earlier judgment and dismissed appellant's action without prejudice.

Appellant sued Sky–Hi, the two minors and their parents, Washington County, and a liquor vendor who allegedly made an illegal sale of intoxicating beverages to the minors. The claim of negligence against Sky–Hi was based on the theory that the company was negligent in leaving the garbage truck with a key in the passenger compartment in an area frequented by juveniles. The claim against the minors was for negligence in the use and abandonment of the vehicle.

One minor was defended by a homeowner's insurance policy issued to his parents. There was no auto policy in the household. The auto carrier for the other minor was granted summary judgment because he was a "non-permissive user" of the garbage truck and therefore not covered under the policy. Appellant was paid $60,000 by Sky–Hi's insurer Aetna in a settlement approved by Washington County District Court. The settlement was by *Pierringer* release, thus releasing only Sky–Hi. The decedent, Patrick D. O'Connell's policy of insurance with respondent included uninsured motor vehicle coverage; that policy is the subject of this controversy.

On January 7, 1987, appellant commenced this action seeking to declare coverage under the uninsured motor vehicle provision of the Auto Owners policy and to compel arbitration. Auto Owners advised appellant that uninsured motorist's coverage was not available in light of *Sorbo v. Mendiola*, 361 N.W.2d 851 (Minn.1985). Following cross-motions for summary judgment, the trial court concluded that the statute of limitations did not bar the action and the garbage truck was not an uninsured motor vehicle. Patricia O'Connell appeals.

## ISSUE

1. Did the trial court properly conclude the garbage truck was not an uninsured motor vehicle?

## ANALYSIS

The policy issued by respondent and in effect at the time of the accident defined an uninsured motor vehicle as follows:

> Any motor vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by financial responsibility law of the state in which the motor vehicle to which coverage D applies is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such motor vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applica-

ble at the time of the accident but the company writing the same is or becomes insolvent.

Both parties agree that the policy definition complies with the Minnesota No–Fault statute in effect at the time, which read:

> "Uninsured motor vehicle" means any motor vehicle or motorcycle for which a plan of reparation security meeting the requirements of sections 65B.41 to section 65B.71 is not in effect.

Minn.Stat. § 65B.49, subd. 4(3) (1978).

In ruling that the vehicle was not uninsured, the trial court relied on *Sorbo v. Mendiola*, 361 N.W.2d 851 (Minn.1985). In that case, Aldean Sorbo was directing traffic following a fireworks display when he was struck by a vehicle owned by either Maria Luz Mendiola or her daughter, Jane Mendiola. The car was being driven by Cheryl Weitzel with permission. Sorbo died as a result of the injuries, and the trustee sued. Neither of the Mendiolas had insurance, but Weitzel, the driver, was insured under a policy issued to her mother. Following settlement with Wietzel's insurer and execution of a *Pierringer* release, Doris Sorbo brought an action against Aldean Sorbo's insurer for uninsured motorist's benefits. *Id.* at 852. The court held that uninsured motorist's liability provisions were not applicable. *Id.* at 854.

Both parties acknowledge there is a factual difference between this case and *Sorbo*. In *Sorbo*, the owner of the auto was uninsured and the driver had insurance. In this case, the driver was uninsured, but Sky–Hi, the owner, had insurance. This factual difference does not affect the determinative rule in *Sorbo*

> that as long as there is some insurance available to cover the vehicle at the time of the accident, the vehicle is not uninsured regardless of whether the insurance is the owner's or operator's policy.

*Id.* at 853; *see also Vadnais v. State Farm Mutual Automobile Insurance Co.*, 354 N.W.2d 607 (Minn.Ct.App.1984) ("insurance was procured by the vehicle's owner or its operator, and plaintiff may not recover under the uninsured motorist provisions of his own policies").

Appellant also argues there is a fact question created because Sky–Hi may not have been "legally responsible for the use" of the garbage truck under the policy because it was driven by a non-permissive user just prior to the accident. However, the record before us indicates a $60,000 settlement was paid by Sky–Hi's insurer; an inference can be made that the owner was legally responsible for the use of the vehicle. The trial court found:

> The theft of the vehicle does not alter the fundamental fact that the vehicle *was* insured, and that Plaintiff obtained a favorable settlement with that insurer. Plaintiff has benefited from the insurance on the truck.

Appellant attempts to label the garbage truck as insured in order to recover from Sky–Hi's insurer and then define the truck as uninsured to recover from O'Connell's uninsured motorist provision. The statutory definition of "uninsured motor vehicle" and the facts of this case do not allow this result. The legislature defined "uninsured motor vehicle" as "a motor vehicle * * * for which a plan of reparation security * * * is not in effect." Minn.Stat. § 65B.49, subd. 4(3) (1978). Here, the garbage truck had insurance in effect and appellant received $60,000 from Sky–Hi's insurer. The vehicle which was the cause of O'Connell's injury, the garbage truck, was not uninsured under the statute or the insurance policy issued by Auto Owners.

### DECISION

The trial court did not err in concluding there was an insurance policy meeting the requirements of the Minnesota No–Fault Act in effect at the time of the accident and in concluding that the garbage truck was not uninsured.

Affirmed.