**Michael E. ODEGARD, Respondent,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**
**Appellant.**

No. C9–89–1322.

Court of Appeals of Minnesota.

Dec. 26, 1989.

Review Denied March 8, 1990.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant St. Paul Fire and Marine Insurance contends the trial court erred by granting Michael Odegard coverage under his uninsured motor vehicle insurance policy and by entering final judgment. We affirm on coverage, but reverse and remand for determination of other issues.

## FACTS

In September 1985, while driving an uninsured three-wheel vehicle owned by a friend, respondent suffered an accident. He subsequently claimed the accident was caused by the owner's negligent failure to maintain the brakes; his right leg is permanently disabled, and he asserted that he had medical expenses in excess of $25,000.

At the time of the accident, respondent owned a St. Paul insurance policy which provided him $100,000 in uninsured motorist coverage. The policy also provided him liability coverage as the owner of listed vehicles, including recreational vehicles, and as operator of non-owned vehicles not available for regular use.

Odegard sought a declaratory judgment that appellant wrongfully withheld uninsured motorist benefits. Appellant moved for summary judgment, arguing that since the vehicle was not uninsured while operated by respondent, he was not entitled to benefits. The trial court granted respondent's countermotion for summary judgment, and the insurer appeals.

## ISSUES

1. Is respondent entitled to coverage under his uninsured motor vehicle policy?

2. Was the entry of final judgment appropriate?

## ANALYSIS

1. Coverage.

We must determine whether there are any genuine issues of material fact and

Frank J. Brixius, Hvass, Weisman & King, Minneapolis, for respondent.

Kay Nord Hunt and Richard A. Lind, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for appellant.

whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn. 1979). The issue here is narrow: when the operator of a borrowed all-terrain vehicle owns a policy covering him for liability to others, and when this operator himself is injured in an accident allegedly caused by the negligence of the uninsured owner, is the vehicle an uninsured motor vehicle such that the operator is entitled to coverage under his uninsured motorist policy?

Minn.Stat. § 65B.43, subd. 16 (1988) defines "uninsured motor vehicle" as a vehicle or motorcycle [1] for which insurance meeting statutory standards "is not in effect." This section was considered in *Sorbo v. Mendiola*, 361 N.W.2d 851 (Minn. 1985) and *Vadnais v. State Farm Mutual Automobile Insurance Co.*, 354 N.W.2d 607 (Minn.Ct.App.1984). In both cases, claimants were injured by an uninsured motor vehicle operated by a person who was not the owner of the vehicle. Each claimant recovered under the operator's liability insurance and sought further recovery under their own uninsured motorist policies. The vehicles were covered by liability insurance which provided coverage to the claimants, and the courts concluded that the vehicles were not uninsured under section 65B.43, subd. 16, and denied further recovery. *Sorbo*, 361 N.W.2d at 853, *Vadnais*, 354 N.W.2d at 608. Appellant argues that, because respondent's own policy covered him for liability he caused to others, this vehicle had coverage "in effect" and was not uninsured. We disagree.

Although this vehicle may have had insurance in effect, the plan did not provide coverage to respondent as a claimant. The absence of liability coverage for respondent was not due to a contract exclusion, but to the very fact that coverage was provided through his own policy; the third party liability coverage required the insurer to pay claims of persons other than the named insured. Under *Sorbo*, the injured person should recover on an uninsured motor vehicle policy when the injured person has no

1. The all-terrain vehicle falls within the statutory definition of a motorcycle. Minn.Stat.

minimally insured claim against the owner or operator of the vehicle. *Sorbo*, 361 N.W.2d at 853.

As respondent's own liability insurance policy did not create liability coverage for his claim, he is entitled to recover uninsured benefits under his policy.

2. Propriety of final judgment.

■ The court entered judgment against appellant on all issues on April 28, 1989. Appellant claims final judgment is improper because there still remain material issues of fact regarding the amount of damages, respondent's negligence, and whether the accident arose out of the use and maintenance of a motor vehicle. Respondent counters with a claim that the parties stipulated to these issues. No stipulation appears in the record. Appellant raised these issues in its answer; its summary judgment motion dealt solely with the coverage issue, and both parties' trial court memoranda address only coverage issues.

Respondent further contends, citing *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), that to avoid summary judgment, appellant was required to present evidence to show facts it has the burden to prove at trial. *Id.* at 322, 106 S.Ct. at 2552. This requirement echoes Minn.R.Civ.P. 56.05:

> When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of the adverse party's pleading but must present specific facts showing that there is a genuine issue for trial.

However, respondent's argument ignores the fact that neither party presented any evidence, either supporting or opposing respondent's summary judgment motion. Respondent's motion was not "made and supported as provided in Rule 56," and appellant is entitled to rest on the pleadings in opposing the motion.

§ 65B.43, subd. 13 (1988).

The court should grant a motion for judgment on the pleadings only if the pleadings create no fact issues. *Ryan v. Lodermeier,* 387 N.W.2d 652, 653 (Minn.Ct. App.1986). Here, the pleadings raised several important issues. Under these circumstances, we must remand for determinations on the issues of respondent's negligence, the amount of damages, and whether this accident arose out of the maintenance or use of a motor vehicle.

### DECISION

We affirm the court's conclusion that coverage is available, but remand for determination of the remaining issues.

Affirmed in part, reversed in part and remanded.