206 A.2d 209.

JEROME H. RUSOFF *vs.* EDWARD P. O'BRIEN.

JANUARY 14, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

154

POWERS, J. This is an action of trespass on the case for negligence which arose out of a rear-end motor vehicle collision on route 28 in Harwichport, Massachusetts. The case was tried to a superior court justice who, sitting without a jury, entered a decision for the plaintiff in the sum of $3,-475. It is before us on the plaintiff's bill of exceptions to certain evidentiary rulings and to the decision.

At the commencement of the trial defendant admitted liability and plaintiff stipulated that under Massachusetts law gratuitous services rendered by one physician to another are not compensable damages. The parties further agreed that damage to plaintiff's motor vehicle amounted to $75 and the trial then proceeded on a question of damages for personal injuries.

The facts are not in dispute. They establish that at or about 8:30 on the evening of August 9, 1958, plaintiff was operating his motor vehicle westerly on route 28 when, while stopped at a traffic signal, his car was struck in the rear by that operated by defendant. The plaintiff was about half a car length behind a motor vehicle also stopped because of the traffic light, and the force of the impact pushed plaintiff's car forward just short of making contact.

The plaintiff, a practicing pediatrician, testified that his head was snapped back and forth and he experienced immediate pain with marked discomfort; that a fellow passenger drove the car from the scene of the accident to the home of plaintiff's sister where he and his wife spent the night; that he looked up the name of a local doctor but did not call him until the following day, although pain persisted through the night; and that on the following morning he met, by appointment, a Dr. Gramaticus at the Cape Cod Hospital where a neck splint was applied.

He further testified that, with his wife driving, he then returned to his home in Scarsdale, New York; that he was unable to reach Dr. Alvin Turken, his physician, until the following day; that X rays were taken and a heavy plaster cast was substituted for the splint; that he could not return to his practice for four days because of the pain which continued intermittently thereafter and caused him to lose a half day from his practice on about twenty-one other occasions during the next three months; and that he was earning $100 a day at the time of the accident.

It is also his testimony that in the succeeding years he lost thirty-eight half days and fifteen full days in addition. On occasions, he found it necessary to refer patients to other doctors.

Doctor Richard J. Neudorfer, an orthopedic surgeon in White Plains, New York, also testified in plaintiff's behalf. He diagnosed the injury as "Recurrent cervical spine strain" and gave as his prognosis that the condition was permanent. It appears that he first saw plaintiff at the latter's office in July 1959 and treated him thereafter.

Doctor Turken is now practicing in California and his testimony was received by deposition.

The record suggests that plaintiff followed the advice of his doctors somewhat indifferently and is replete with instances of more or less strenuous activities engaged in by

him, such as lifting an anchor, changing a tire, lifting a heavy case of books, and carrying a heavy suitcase, which are susceptible to an inference that plaintiff aggravated and impeded his recovery. Moreover, the plaster cast recommended by Dr. Turken was bivalved so that plaintiff could remove it during the active hours of his practice because of its effect on his patients, especially children.

The plaintiff brought none of his office records with him and was unable to give exact dates in connection with time lost, nor did he have copies of his income tax returns for the years in question. His testimony was vague in other respects, particularly on cross-examination.

The trial justice carefully reviewed the evidence, found that plaintiff had been somewhat disabled for several months losing $400 in earnings, awarded $3,000 for pain and suffering, $75 for damages to his car and gave decision to plaintiff in the total sum of $3,475. He expressly rejected the prognosis of permanent injury.

The plaintiff has briefed and argued two exceptions of an evidentiary nature. They are premised on the trial justice's ruling sustaining defendant's objection to the admission of a hypothetical question asked of Dr. Turken during the taking of his deposition. One such exception, however, that relating to the doctor being asked to assume that the "brachial radialis Huffman were normal," is not properly before us. The remarks of the trial justice on this phase of the deposition came after his ruling that the hypothetical question was inadmissible and they were not part of the ruling to which an exception was taken. The record discloses that indeed no exception was taken to his remarks even if they were relevant.

There is, however, a valid exception to the ruling excluding the hypothetical question. It appears that it was premised inter alia on an examination which was stated in the question as having been made on December 1, 1960. There

is no evidence of any such examination of plaintiff. Since an examination on December 1, 1960 and the findings disclosed thereby were factors which Dr. Turken was to have assumed in forming an opinion based on the hypothetical question, the trial justice felt that, absent any evidence of an examination on that date, the doctor's opinion would not be admissible.

The plaintiff contends, however, that there is evidence of an examination on December 1, 1961 and that the reference to the same date but in the year 1960 was an inadvertent typographical error. Moreover, he argues, if the condition alleged to have been revealed by the examination were present a full year later, plaintiff was not prejudiced by such inadvertence.

Whether this argument has merit we need not inquire. It is clear from the trial justice's decision that he based any lingering effects of the accident which plaintiff may have suffered after a few months to be the result of an aggravation for which plaintiff was solely responsible. It follows that if the trial justice did not err in this regard the opinion given in response to the hypothetical question would be without probative force and its exclusion not prejudicial. Whether the trial justice did so err is inextricably involved in his decision for plaintiff on the merits. Our ruling on plaintiff's exception to such decision is therefore dispositive of his exception to the exclusion of Dr. Turken's opinion.

We turn then to this final exception, namely, that the trial justice overlooked, misconceived and disregarded material evidence and the law in arriving at his decision. The sole question involved, however, is the adequacy of the damages for personal injury. The plaintiff, arguing that the damages are grossly inadequate, stresses that his testimony and that of his witnesses clearly demonstrate a substantial loss of earnings which the trial justice ignored. Since the evidence referred to is uncontradicted, he con-

tends, any inference drawn by the trial justice is subject to the rule in *Raferty* v. *Reilly,* 41 R. I. 47.

There, this court held that where a trial justice draws an inference from undisputed evidence, the purport of such undisputed evidence comes up for review unaffected by the conclusions which the trial justice may have reached thereon.

Further, he argues that positive and uncontradicted testimony unimpeached by other positive testimony or by circumstantial evidence either extrinsic or intrinsic cannot be disregarded and should control the decision of the trier of facts, citing *Jackowitz* v. *Deslauriers,* 91 R. I. 269, and *Gorman* v. *Hand Brewing Co.,* 28 R. I. 180.

We are in full accord with these principles but they are of only partial assistance to plaintiff in the circumstances of the instant case. He relates the rule that unimpeached and uncontradicted testimony must be regarded as true to the uncontradicted testimony of his witnesses and argues therefrom that the trial justice erred in drawing an adverse inference from the friendly relationship that obviously existed between the parties. In so doing, he misconceives the ultimate inference drawn by the trial justice, namely, that plaintiff's protracted pain and suffering, as well as disability, resulted from his failure to follow the advice of his doctors and the incidents of strenuous activities heretofore related.

Adhering to the rule enunciated in *Raferty* v. *Reilly, supra,* we have carefully reviewed the evidence and, on the basis of such independent review, are constrained to draw the same inference.

The record is marked by overtones of plaintiff's dedication to his practice and concern for his patients, even as Dr. Neudorfer states: "* * * he is the kind of person who tends to try to disregard pain and disability and carries on almost to the detriment of his own health. I have, on sev-

eral occasions, advised him to limit his activities when he had recurrences. He tells me he finds it impossible to do this." Again, Dr. Neudorfer was asked, "You certainly wouldn't advise him to lift a heavy case of books?" He replied, "No. I think I must have been given to impatience on this occasion."

Of similar import is the testimony of plaintiff's wife. She related in detail the exacerbation resulting from plaintiff's lifting of an anchor too heavy for her and his changing of a flat tire, an incident which occurred while responding to a sick call at "one or two o'clock in the morning." In connection with the latter experience Mrs. Rusoff stated, "There was no way of getting any help and knowing my husband the only thing he would think of is how to get to the child."

Laudable though plaintiff's conscientiousness certainly is, he had an obligation to defendant herein to restrict all of his activities to such as would not be incompatible with due regard for his own recovery. It may be, as plaintiff contends, that had he done so the resulting loss of earnings would have been substantially greater than those for which he seeks recovery. This, however, is pure speculation. He cannot substitute for damages which he might have been entitled to recover by reason of defendant's negligence those which result from his own neglect.

In *O'Donnell* v. *Rhode Island Co.*, 28 R. I. 245, 247, this court approved instructions to a jury which had been couched by the trial justice in the following pertinent language: "She must do all that a reasonable person would do to reduce her injuries as much as possible, not only in the future, but she must have done it in the past; and if there is evidence that shows that her claims of injuries have been increased, of the evidence, of course, you, gentlemen, are the judges, and for such increase and her negligence, the defendant would not be liable."

In the case at bar the trial justice stated in his decision:

"The Court rejects the testimony that the plaintiff suffered a permanent injury. The conduct of the plaintiff was such as far as this Court is concerned to indicate that he was not too seriously injured. He was able to carry on his practice and apparently the inference to be drawn from the testimony is that he did not cooperate with the efforts of either Doctor Neudorfer or Doctor Turkin. In the first instance he did not see fit to wear the apparatus supplied him by Doctor Turkin and even his own doctor, Doctor Neudorfer, testified before this Court inferentially intimated that the plaintiff did not follow his advice."

From a careful reading of the full record we draw the same inference as that of the trial justice. We reach our conclusion, however, not by way of attributing great weight to his findings, but rather from our review of the transcript uninfluenced by his conclusion.

However, the trial justice also concluded that "the plaintiff lost four full days of work following the accident and the Court finds that he was somewhat incapacitated for a period of three months."

Again, fixing damages, he stated: "The Court will find as a matter of fact that he was partially disabled for the period of three months and lost $400.00 in wages and $75.00 in damages to the car and for pain and suffering during this period the Court will award to the plaintiff the sum of $3,000.00 * * *."

The plaintiff argues that it is obvious from the foregoing that, on the basis of his own findings, the trial justice should have awarded compensating damages for loss of earnings during the months following the four full days which plaintiff lost immediately after the accident.

In our judgment there is merit in this contention. A reading of his decision in its entirety discloses that the trial justice was convinced that the injury, for which defendant was liable, did result in some disability and loss of earnings

for a period of three months. Being so convinced, he should have awarded compensation therefor. Moreover, having fixed lost earnings at the rate of $100 daily, he should have applied this rate to the uncontradicted testimony of time lost during the three months' period.

Referring to notes which he had compiled from his records and used to refresh his memory, plaintiff testified that during the time in question he had lost twenty-one half days. We think that he was entitled to an additional award of $1,050 for lost earnings, but we are also of the opinion that the award for pain and suffering as fixed by the trial justice is properly responsive.

The plaintiff urges, and we are so persuaded, that the revision of damages to the amount determined by this court to be just, should be included in our decision and thus preclude the necessity of remitting the case to the superior court for further proceedings. We find no reason why the matter should not thus be so terminated.

All of the plaintiff's exceptions to the evidentiary rulings briefed and argued are overruled, his exception to the decision is sustained in part and otherwise overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the decision as herein modified for $4,525.

*Edmund Wexler,* for plaintiff.

*Swan, Keeney & Jenckes, Harry W. Asquith,* and *Francis J. O'Brien,* for defendant.