Florence ROMANO

v.

ALLSTATE INSURANCE CO.

No. 80–268–Appeal.

Supreme Court of Rhode Island.

April 14, 1983.

Paul V. Reynolds, Providence, for plaintiff.

Anderson, Henning & Anderson, Carol Zangari, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a Superior Court judgment vacating an arbitration award on the grounds that the arbitrator imperfectly executed his powers so that a final and definite award was not made.

The plaintiff motorist, Florence Romano, was injured in a rear-end collision with an uninsured driver. As a result of her injuries, she made a claim against defendant, Allstate Insurance Company (Allstate), pursuant to the uninsured-motorist provision of her insurance policy. When the parties could not agree on a settlement, plaintiff

requested arbitration as provided by the terms of her policy.[1]

At the outset of the arbitration hearing, Allstate conceded to liability and the lack of insurance on the part of the other party involved in the collision. Thus, the sole issue before the arbitrator was the amount of damages for personal injury.

The pertinent facts are as follows. The plaintiff was the only witness at the hearing. She testified that as a result of the collision, she sustained injuries to her neck, left arm and shoulder, and lower back. Three days after the collision, she saw her family physician for treatment of stiffness and discomfort. At various times she was treated by an orthopedic surgeon, and a neurosurgeon. She also saw an ear, nose and throat specialist for treatment of a hearing problem which possibly developed as a result of the accident. In addition, a physician from the Department of Employment Security as well as a physician on behalf of Allstate examined her.

The plaintiff further testified that her lower back and ear problems were corrected but that she continued to experience pain and stiffness in her neck and left shoulder. X-rays showed a narrowing of an intervertebral space in her neck with associated degeneration. According to Allstate's physician, this condition may have been present before the collision. All of the physicians, however, agreed that her pain and discomfort were causally related to the accident. Her family physician and the DES physician diagnosed her as suffering from cervical strain. Treatment consisted of medication, heat, traction, and a collar. Total medical expenditures for office visits and prescriptions were $1,545.21.

During the six months following the collision, plaintiff continued to work as a waitress against the orders of her family physician. She testified that her work aggravated her condition and was at least partially responsible for the number of visits to her family doctor. She explained that she was determined to work the pain off. Furthermore, her husband was disabled and she was the sole wage earner in the family.

Eventually, plaintiff did take time off from work in the months of January through April 1978 and February through July 1979. She spent approximately five weeks during each of these periods in Florida vacationing with her husband. She did not apply for temporary disability benefits when she was out of work in 1978, but she did receive benefits in 1979. In May 1979, the DES physician examined her and found her to be temporarily totally disabled.

The plaintiff testified that her employer's threats to replace her motivated her return to work in July 1979. She further stated that since her return, she has worked fewer hours and earned less money than prior to the accident. As a result of her time out from work in 1978 and 1979, plaintiff alleged an estimated $4,648 in lost earnings.

At the close of the hearing, the arbitrator issued an award of $1,500. Dissatisfied with this result, plaintiff filed a petition in Superior Court to have the arbitrator's award of damages vacated on the grounds that it was so grossly inadequate as to indicate prejudice and an imperfect execution of the powers of the arbitrator. The trial justice granted her petition to vacate, finding the award to be so grossly inadequate as to indicate an obvious imperfect execution of the arbitrator's powers. The defendant appeals.

1. "Section II, PROTECTION AGAINST BODILY INJURY BY UNINSURED AUTOMOBILES, Paragraph 11, *Arbitration.* If any person making a claim hereunder and Allstate do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, the matter or matters upon which such person and Allstate do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and Allstate each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage."

The sole issue before this court is whether the trial justice erred in vacating the arbitrator's award solely on the basis that it was grossly inadequate.

The defendant claims that an arbitration award cannot be vacated unless there is a clear showing of one of the statutory grounds stated in G.L.1956 (1969 Reenactment) § 10–3–12 or that it was completely irrational. Thus, so long as there is a reasonable basis for the award, it must be upheld even though a reviewing court could have decided differently.

The defendant further contends that the trial justice erred in exercising a de novo review of the evidence. The defendant argues that the trial justice evaluated the evidence, made findings of credibility, ascribed weight to certain evidence, and thereby improperly exercised his independent judgment regarding the amount of compensation due to plaintiff.

The plaintiff, in turn, argues that the award did not respond to the uncontradicted evidence presented as it was insufficient to cover her out-of-pocket expenses for medical bills and prescriptions, and her loss of earnings. Furthermore, it apparently made no allowance for her pain and suffering.

The judiciary acknowledges that its role in the arbitration process is extremely limited. *Coventry Teachers' Alliance v. Coventry School Committee,* R.I., 417 A.2d 886, 888 (1980). This court emphasized the autonomy of arbitration procedures when it stated that where the parties to a collective-bargaining agreement submit their contract to a binding arbitration, such decisions are, except for a few very limited situations, unreviewable by the courts.[2] *Belanger v. Matteson,* 115 R.I. 332, 345, 346 A.2d 124, 133 (1975) (citing *United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403

(1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)).

Four specific situations warranting judicial review are enunciated in G.L.1956 (1969 Reenactment) § 10–3–12 as follows:

"(a) Where the award was procured by corruption, fraud, or undue means.

(b) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.

(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made.

Thus, a trial justice may base his decision to vacate upon one of the statutory grounds. *Burns v. Segerson,* R.I., 404 A.2d 500, 504 (1979).

One additional justification allowing a court to vacate an arbitrator's award is if a court determines that a specific award is irrational under the circumstances. Therefore, "[a]bsent a * * * completely irrational result, the courts have no authority to vacate the arbitrator's award." *Id.; see Jacinto v. Egan,* 120 R.I. 907, 914, 391 A.2d 1173, 1176 (1978) (citing *Belanger v. Matteson,* 115 R.I. 332, 356, 346 A.2d 124, 138 (1975)). The *Belanger* court further stated that except for complete irrationality, arbitrators are free to determine the facts before them without having their award be-

**2.** Although *Belanger v. Matteson,* 115 R.I. 332, 346 A.2d 124 (1975) involved arbitration pursuant to the terms of a collective-bargaining agreement, the court's reasoning remains applicable to the instant case as the statute governing labor arbitration awards parallels the statute involved in the case at bar. *Compare* G.L. 1956 (1969 Reenactment) § 10–3–12 *with* G.L. 1956 (1979 Reenactment) § 28–9–18.

come subject to judicial revision. *Belanger v. Matteson,* 115 R.I. at 356, 346 A.2d at 138 (citing *Lentine v. Fundaro,* 29 N.Y.2d 382, 385, 278 N.E.2d 633, 635, 328 N.Y.S.2d 418, 422 (1972)). Thus, unless an award is arbitrary or capricious, it must be enforced by the courts. *Safeway Stores v. American Bakery & Con. W.I.U., Local 111,* 390 F.2d 79, 81 (1968).

■ In the instant case, plaintiff contends that her award was so grossly inadequate that it indicated partiality or misconduct on the part of the arbitrator and an imperfect execution of his powers under § 10–3–12. She does not, however, outline any errors in the proceedings. Nor has she introduced evidence to show that the arbitrator was partial or improperly executed his powers. Rather, she relies on the amount of the award to support her claim. Inadequacy standing alone, however, is insufficient to support her allegations of statutory violations.

■ Therefore, in reviewing the validity of plaintiff's award, this court is left to determine whether that award was irrational in light of the evidence adduced at the hearing. The plaintiff's own testimony revealed that she returned to work against the orders of her physician. Her employment, which consisted of lifting heavy trays, aggravated her condition. She also stated that this was at least partially responsible for the number of visits to her family physician. Although plaintiff's conscientiousness in returning to work is laudable, she had an obligation to restrict any activities that would be incompatible with her recovery. *Rusoff v. O'Brien,* 99 R.I. 153, 159, 206 A.2d 209, 212 (1965). If the evidence indicates that her own negligence contributed to her increased injury, defendant cannot be held liable for the resulting additional medical problems. *Id.*

■ We conclude that the arbitrator could have reasonably inferred that the plaintiff's own negligence contributed to the continuation of her medical problems. We therefore cannot find that his award was completely irrational.

The defendant's appeal is sustained, the judgment is reversed, and the arbitrator's decision is reinstated.