Kelly J. BERNARD

v.

RHODE ISLAND INSURER'S INSOLVENCY FUND.

No. 93–679–Appeal.

Supreme Court of Rhode Island.

Nov. 23, 1994.

Neil Philbin, Cranston.

Kevin Holly/Kevin Cotter, Providence.

ORDER

This case came before the Supreme Court for oral argument on November 16, 1994, pursuant to an order that directed the plaintiff to show cause why this appeal should not be denied and dismissed. The plaintiff has appealed from a Superior Court order that granted the motion for summary judgment of the defendant, Rhode Island Insurer's Insolvency Fund, and that denied the plaintiff's motion for summary judgment.

After reviewing the memoranda submitted by the parties and after considering the arguments of counsel, we are of the opinion that cause has not been shown and the appeal will be decided at this time.

In April 1988, a motor vehicle owned by Douglas Bernard and operated by plaintiff collided with a vehicle owned and operated by Billy W. Parham (Parham). Parham's vehicle was insured with GEICO with a liability limit of $100,000, and plaintiff was insured by defendant with a single limit uninsured/underinsured coverage of $60,000. The parties agreed to submit the matter to arbitration where the arbitrator, in November 1992, determined that plaintiff was 80 percent negligent and Parham was 20 percent negligent. The plaintiff was awarded $138,849 inclusive of interest.

The plaintiff filed a petition for declaratory judgment in Superior Court in May 1993 asserting that defendant is required to pay to her the difference between the GEICO policy limit and the full amount of the arbitrator's award. The trial justice granted defendant's motion for summary judgment and denied

that of plaintiff, whereupon plaintiff appealed to this court.

Under the applicable statute, G.L.1956 (1979 Reenactment) § 27–7–2.1, as amended by P.L.1987, ch. 435, § 1, in effect at the time of the accident, a tortfeasor is an underinsured only if the limits of the tortfeasor's liability coverage are less than the injured insured's own damages or underinsured limits of coverage. In the case before us, because Parham's limit of coverage is $100,000, whereas plaintiff's is $60,000, Parham is not an underinsured tortfeasor. Consequently plaintiff is not entitled to recovery under the uninsured/underinsured coverage of her policy.

In *Balian v. Allstate Insurance Co.*, 610 A.2d 546, 550 (R.I.1992), this court stated, "We believe that prejudgment interest is not an element of damages so as to trigger recovery under the underinsured-motorist statute." In the instant case, plaintiff was awarded damages of $89,580 plus prejudgment interest in the amount of $49,269, and therefore, under *Balian,* Parham's policy limit of $100,000 established that he was not an underinsured motorist. Therefore, the plaintiff may not seek the amount in excess of the GEICO policy limit from the defendant.

Consequently, we deny and dismiss the appeal. We affirm the judgment of the Superior Court to which we remand the papers of this case.

WEISBERGER, Acting C.J., did not participate.