James CARTWRIGHT

v.

Donne NOCHOMOWITZ.

No. 94–513–Appeal.

Supreme Court of Rhode Island.

June 29, 1995.

Steven A. Robinson, Providence.

Gary F. Seyboth, Providence.

### ORDER

This matter came before a panel of the Supreme Court on June 27, 1995, pursuant to an order directing the plaintiff to appear and show cause why the issues raised in his appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown.

On April 30, 1993, plaintiff, James Cartwright (plaintiff), was involved in a motor vehicle collision with defendant, Donne Nochomowitz (defendant). Shortly thereafter, plaintiff entered into an agreement with defendant's insurer, Amica Mutual Insurance Company, to submit his claim to binding arbitration. After the arbitrator found in favor of defendant, plaintiff filed a motion to vacate the award in Superior Court. The plaintiff now appeals the Superior Court denial of his motion to vacate arguing that this court should vacate the arbitrator's award because it is irrational.

In rendering his decision in favor of defendant, the arbitrator found that although a collision did occur defendant was traveling no faster than five miles per hour at the time of impact. The arbitrator also found that the plaintiff's testimony regarding the force of the impact and his alleged injuries was not convincing nor credible. The plaintiff, however, counters that given the uncontroverted fact that defendant struck plaintiff's car while parked, plaintiff should have at least been awarded nominal damages even if the arbitrator believed that plaintiff suffered no damages. We disagree.

We note that in order to prevail in a negligence action it is essential that the plaintiff establish that defendant breached a duty of care owed to the plaintiff and that defendant's breach caused the plaintiff's injuries. *Kennedy v. Tempest,* 594 A.2d 385 (R.I.1991). As the trial justice correctly noted, no award for nominal damages in the instant case was appropriate. *Id.*

We believe that the arbitrator could reasonably find that defendant's negligence was not the cause of plaintiff's injury. It is uncontroverted that defendant's motor vehicle was traveling no faster than five miles per hour at the time of impact. Additionally, the arbitrator found that defendant had been involved in two accidents within one or two months prior to the collision in question. We are therefore of the opinion that the arbitration award in the instant case was not irrational. *Romano v. Allstate Insurance Co.,* 458 A.2d 339 (R.I.1983).

Consequently, the plaintiff's appeal is denied and dismissed. The Superior Court order refusing to vacate the arbitrator's award is affirmed and the papers of the case are remanded to the Superior Court.

SHEA and LEDERBERG, JJ., did not participate.