**FLEET CONSTRUCTION CO., INC.**

v.

**TOWN OF NORTH SMITHFIELD.**

No. 97–178–Appeal.

Supreme Court of Rhode Island.

May 22, 1998.

John A. Toro, Warwick, for Plaintiff.

Fred A. Kelly, Jr., Jeffrey S. Brenner, Louis V. Jackvony, III, Randall L. Souza, Providence, for Defendant.

Before LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This appeal concerns the propriety of an arbitration award in a dispute between a municipality and a contractor over a construction project. The defendant, the town of North Smithfield (town), appeals from a Superior Court order granting the motion of the plaintiff, Fleet Construction Co., Inc. (Fleet), to confirm an arbitration award and denying the defendant's motion to vacate the award. We directed both parties to show cause before a panel of this Court why the issues raised in this appeal should not be summarily decided. No such cause having been shown, we proceed to decide the appeal at this time.

The essential facts are undisputed. Fleet and the town entered into a contract whereby Fleet was to construct a recreational facility for the town. Pursuant to the contract Fleet was to complete its work substantially within 90 days for so-called nonplanting items and within 120 days for planting items. The contract also provided that the town would be entitled to liquidated damages if the contract was not completed in a timely fashion. Fleet began construction in November ber of 1993. However, owing to certain delays and to the onset of winter, the project was not completed until September of 1994. Contending that the project should have been completed by the previous fall, the town demanded liquidated damages in the amount of $148,500.

However, according to Fleet, the town later agreed to waive its liquidated-damages claim if Fleet completed four remaining items of work on the project in a timely fashion. The town countered that it did not waive its right to liquidated damages. A three-member arbitration panel heard this dispute pursuant to the Public Works Arbitration Act, G.L.1956, chapter 16 of title 37. On July 22, 1996, a majority of the arbitrators awarded the sum of $92,932.58 to Fleet in satisfaction of all of its claims against the town. In doing so, the majority of the panel found that the town had waived its right to liquidated damages:

"[T]he Town in fact agreed to waive any liquidated damages if Fleet promptly completed the four items of work which had been identified by the parties. In reasonable reliance, Fleet did complete those four items of work and is entitled therefore to payment. The agreement to waive the liquidated damages was confirmed by the conduct of the parties after August 16, 1994. The statement of the Town Administrator purporting to reserve some unidentified claim(s) was insufficient to negate the four (4) items/payment understanding."

Fleet moved to confirm the arbitration award, and the town filed a motion to vacate the award. A hearing justice granted plaintiff's motion to confirm the arbitration award and denied defendant's motion to vacate it. A final decree entered, and defendant filed a timely notice of appeal.

On appeal the town argues that the arbitration award should be set aside because it violated public policy and also constituted a manifest disregard of the law. First, the town contends that the award allows a municipality to be bound by the actions of an agent or employee who was not specifically empowered with the authority to approve

contracts or to waive any conditions thereof. The town argues that the award strips away the power of duly elected public officials—and by extension the citizens of the town—to operate and manage the municipality. According to the town, only the town council could modify, alter, or waive the provisions of the contract, and the town council never knowingly waived its right to liquidated damages.

Next the town maintains that the arbitration award was not based upon the evidence presented at the arbitration hearing, claiming that the arbitration record reveals no evidence in support of a waiver. It also argues that the award manifestly disregarded the law of estoppel, which the town claims is not applicable against a municipality. Finally, the town contends that in the event this Court affirms the Superior Court's confirmation of the arbitration award, the interest portion of the award should be vacated. It posits that since the contract did not provide for interest and since interest is not permitted pursuant to statute, the award is erroneous as a matter of law.

Fleet first contends that the town's appeal is improper because the town did not timely file its motion to vacate the arbitration award pursuant to § 37–16–21, which provides in pertinent part:

"Notice of a motion to vacate * * * an award must be served upon all adverse parties, or their attorneys, within sixty (60) days after the award is filed or delivered, as prescribed by law for service of notice of a motion upon an attorney in an action; *except that in opposition to a motion to confirm an award, any of the grounds specified in § 37–16–18 may be set up.*" (Emphasis added.)

Section 37–16–18 [1] provides:

"In any of the following cases, the court must make an order vacating the award, upon the application of any party to the controversy which was arbitrated.

(1) When the award was procured by fraud.

(2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made.

(3) If there was no valid contract, and the objection has been raised under the conditions set forth in § 37–16–13."

Here the town properly filed an objection to plaintiff's motion to confirm the arbitration award. Pursuant to § 37–16–21, the town could challenge the appropriateness of the award by objecting thereto without abiding by the sixty-day period for serving a motion to vacate the award. Therefore, we conclude that the town's appeal is not barred by its failure to move to vacate within sixty days after the award was filed or delivered. However, for the reasons discussed below, we nonetheless conclude that the appeal lacks merit.

■ A reviewing court's authority to vacate arbitration awards is limited. The court has no authority to vacate the arbitrator's award absent a manifest disregard of a contractual provision, a completely irrational result, a decision that is contrary to public policy, or an award that determined a matter that was not arbitrable in the first place. *See Rhode Island Brotherhood of Correctional Officers v. State Department of Corrections,* 707 A.2d at 1234 (R.I.1998); *Rhode Island Council 94, AFSCME, Local 314 v. State,* 456 A.2d 771, 773 (R.I.1983); *Jacinto v. Egan,* 120 R.I. 907–914, 391 A.2d 1173, 1175–76 (1978).

The hearing justice in the instant matter concluded that the arbitrators had not manifestly disregarded the applicable law, noting that—contrary to the town's assertions—the doctrine of equitable estoppel may be applied to municipal governments in appropriate circumstances. In support of this contention the hearing justice relied upon the case *Town of Glocester v. Olivo's Mobile Home Court, Inc.,* 111 R.I. 120, 300 A.2d 465 (1973). In that case this Court stated:

1. The codification of this section following the 1997 reenactment of the General Laws, P.L. 1997, ch. 326, § 1 redesignated the subdivisions in this section but made no substantive changes. The section appears above with the current subdivision designations.

"Although it has been said that the doctrine of estoppel may not be applied against a municipality, this rule is not without exception. Estoppel can be applied to a municipal as well as a private corporation when appropriate circumstances, justice, and right so require." *Id.* at 130, 300 A.2d at 471 (citing 9 McQuillin, *Municipal Corporations* § 27–56, at 755–56 (1964)).

■ We agree with the hearing justice's assessment that the doctrine of equitable estoppel may be applied to the town here so as to estop it from enforcing a liquidated-damages provision in its contract with Fleet. This conclusion fully comports with the prior decisions of this Court holding that the estoppel doctrine may be applied to a governmental authority when the equities are clearly balanced in favor of the party seeking relief under the doctrine and when compelling evidence warrants the doctrine's application. *See, e.g., Greenwich Bay Yacht Basin Associates v. Brown,* 537 A.2d 988, 991–92 (R.I.1988).

Moreover, we reject the town's contention that the arbitrators misinterpreted the applicable law by allowing a town official to waive conditions of a contract entered into on behalf of the town without any actual authority to do so. Previously, at least in the context of unions and a collective-bargaining agreement (CBA), we have addressed the question of whether an agent or negotiating representative can bind a governmental entity to a collective-bargaining contract or to the terms of an already existing CBA absent proper authority to do so. However, we do not believe that this line of cases benefits the town here. Unlike the situation in the case at bar, the *Providence Teachers Union v. Providence School Board,* 689 A.2d 384 (R.I. 1996) and *Warwick Teachers' Union Local*

No. 915, AFT, AFL–CIO v. Warwick School Committee,* 624 A.2d 849 (R.I.1993) cases involved situations wherein a representative of a municipal entity was negotiating a contract for its governmental principal and that representative either lacked the ratification authority that was specifically delegated to another government entity by local ordinance or else the representative acted in contravention of specific instructions limiting his or her authority to negotiate certain contractual terms. Such facts were not alleged to be present here.[2]

■ Moreover, far from altering a contractual provision, the conduct at issue (waiving any liquidated-damages claim) would appear to be consistent with that portion of the contract that allowed the town as owner to alter the contract and to reduce the payment terms otherwise applicable. Thus the contract provided in pertinent part that "[s]hould the [town] at the time during the compliance with the terms of this Contract request any alterations, deviations, omissions or additions from said Specifications or Plans or other Contract Documents, [it] shall be at liberty to do so and the same shall in no way affect or make void the Contract, but will be added to or deducted from the amount of said Contract price as the case may be by a fair and reasonable valuation." Thus, having authorized the town administrator to sign the contract on behalf of the town as owner, the town cannot later complain that the arbitrators were acting beyond their powers in determining that this same official had the authority to modify it under this contractual provision.

■ With respect to the town's argument that Fleet is not entitled to prejudg-

---

**2.** Two other cases relied upon by the town, namely *School Committee of Providence v. Board of Regents for Education,* 429 A.2d 1297 (R.I. 1981), and *Rhode Island Brotherhood of Correctional Officers v. State Department of Corrections,* 707 A.2d 1229 (R.I.1998), are also distinguishable from the instant matter. There public agents were attempting to confer specific privileges and benefits under the contract when their actions would have exceeded the statutory power of the principal or contravened another contractual provision. Here, however, the compromise of the liquidated-damages claim did not purport

to confer privileges and benefits under the contract. Rather a specific benefit accorded to the town thereunder was waived. Moreover, the town administrator, who the arbitrators determined had waived the liquidated-damages provision under the contract, was the same official who had signed the construction contract on behalf of the town. The town did not allege or prove that the town administrator lacked the actual authority to do so, and the town has not presented us with any statutory or other legislative provision that would be violated by the arbitrators' ruling on this issue.

ment interest, it is well settled that arbitration awards may include prejudgment interest. *See Altieri v. Liberty Mutual Insurance Co.,* 697 A.2d 1104, 1105 (R.I.1997). "An arbitration award is equivalent in nature and effect to a judgment in an action at law." *Id.* Moreover, even though the contract in this case did not specifically provide for prejudgment interest, the right to interest is created by statute. *See* G.L. 1956 § 9–21–10; *Clark–Fitzpatrick, Inc./ Franki Foundation Co. v. Gill,* 652 A.2d 440, 452 (R.I.1994). And pursuant to § 9–21–10, prejudgment interest may be awarded against a municipality on a breach of contract claim where a municipality acts in a proprietary or enterprise capacity. *See Jolicoeur Furniture Co. v. Baldelli,* 653 A.2d 740, 755 (R.I.1995) (affirming award of prejudgment interest on breach of a real estate sales contract claim against a municipality pursuant to § 9–21–10); *cf. Reagan Construction Corp. v. Mayer,* 712 A.2d 372, at 374 n. 2 (R.I.1998) (awarding post-judgment interest against the state on an arbitration award under the Public Works Arbitration Act). Accordingly the arbitrators' award of prejudgment interest to Fleet was proper.

We thus conclude that the hearing justice did not err in confirming the arbitration award. For the reasons stated herein, the defendant's appeal is denied, and the judgment below is affirmed.

WEISBERGER, C.J., and BOURCIER, J., did not participate.